UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY POSEY,<br><br>    Plaintiff(s),<br><br>v.<br><br>FACEBOOK.COM, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00887-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 8] |

Plaintiff is a prisoner proceeding *in forma pauperis*. Plaintiff made the partial payment required for inmates. *See* Docket No. 15. The Court also issued an order to show cause identifying concerns regarding the overlap between Plaintiff's assertions in this case and his assertions in other cases, including his *habeas* petition. Docket No. 6. Plaintiff filed a response. Docket No. 18. The Court now screens Plaintiff's amended complaint. *See* Docket No. 8.

**I.    Background**

Plaintiff is an inmate at Southern Desert Correctional Center. Plaintiff alleges that he paid 17-year-old A.J. for sex acts. *See, e.g.*, Docket No. 8 at 3, 4-6. Plaintiff was arrested and charged for that conduct in the Eighth Judicial District Court for Clark County, Nevada. *See State v. Posey*, Case No. C-21-355585-1.[1] Plaintiff alleges that he also paid 15-year-old K.H. for sex acts. *See, e.g.*, Docket No. 8 at 3, 12. Plaintiff was arrested and separately charged for that conduct in the Eighth Judicial District Court. *See State v. Posey*, Case No. C-21-356678-1. Plaintiff and prosecutors reached a deal by which Plaintiff agreed to plead guilty to some of the sex crimes involving K.H., while the charges involving A.J. would be dismissed. *See, e.g.*, *Posey v. State*,

---

[1] Plaintiff asks the Court to take judicial notice of the state court records. *See* Docket No. 18 at 2-3. The Court may also take judicial notice *sua sponte*. *See, e.g.*, *Where Do We Go Berkeley v. Cal. Dept. of Transp.*, 32 F.4th 852, 858 (9th Cir. 2022). State court and federal court documents are the proper subject of judicial notice. *See, e.g.*, *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). Accordingly, the Court takes judicial notice of the state and federal court records discussed herein.

2023 WL 4247489, at *1 (Nev. Ap. June 28, 2023).  The charges involving A.J. were dismissed on August 9, 2021.  *See, e.g.*, Docket No. 18 at 10.[2]  On September 20, 2021, Plaintiff was sentenced to four to ten years on the conviction involving K.H.  *See, e.g.*, *Posey v. Oliver*, Case No. 2:24-cv-01123-CDS-BNW, Docket No. 10 at 1-2 (D. Nev. July 3, 2024) (amended *habeas* petition).  Plaintiff remains incarcerated.  *See, e.g.*, Docket No. 1 at 4.

Plaintiff did not directly appeal his conviction.  *See Posey v. State*, 2025 WL 365788, at *1 n.1 (Nev. App. Jan. 31, 2025).  Nonetheless, Plaintiff has created a web of state and federal litigation on issues related to his arrests and prosecution.[3]  One of the common threads in this tangle is Plaintiff's contention that he did not know the ages of his victims and, instead, other persons or entities were at fault for not verifying their ages.  *See, e.g.*, *Posey v. State*, 2024 WL 2237902, at *1 (Nev. App. May 16, 2024) (denying "motion for amended judgment" predicated on assertions of actual innocence based on the terms of service for service providers indicating that users must be 18 years or older and/or requiring users to verify age with government-issued identification).  Another common thread is the allegation that law enforcement searches in investigating Plaintiff were based on warrants obtained without probable cause or were conducted without any warrant.  *See, e.g.*, *id.* at *2.

Plaintiff brought this federal lawsuit against four private entities alleging civil claims predicated on these same contentions.  Plaintiff alleges that A.J. and K.H. were both presented to him as adults and Plaintiff alleges that he did not know that they were minors when he paid them for sex acts.  *See, e.g.*, Docket No. 8 at 3, 5, 10.  Plaintiff alleges that Defendants Facebook and

---

[2] Plaintiff states repeatedly that the charges were dismissed on May 22, 2022.  *See, e.g.*, Docket No. 18 at 2.  The state court records show that the charges were dismissed on August 9, 2021.  *See, e.g.*, *id.* at 10.  Plaintiff appears to be confusing the date on which the charges were dismissed and the date on which the case was administratively closed.  *See also Posey v. Perez*, 2024 WL 4948831, at *2 n.2 (D. Nev. Dec. 3, 2024).

[3] Bringing several lawsuits on the same or similar issues raises a number of potential problems, including whether Plaintiff is making arguments that overlap with his *habeas* claims.  *See, e.g.*, Docket No. 16 at 2 (quoting *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016)).  The undersigned herein finds that the civil claims presented in the amended complaint cannot survive screening, a finding the undersigned reaches without prejudice to Plaintiff raising the same or similar arguments in *habeas* proceedings.  *See, e.g.*, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Bosses and Strippers should have verified the age of A.J. so that Plaintiff would not have engaged a 17-year-old in prostitution; Plaintiff alleges that Defendants Cash App and Tagged.com should have verified the age of K.H. so that Plaintiff would not have engaged a 15-year-old in prostitution. *See* Docket No. 8 at 3-12. Plaintiff also alleges that Defendants Facebook, Tagged.com, and Cash App improperly provided information to law enforcement. *See id.* at 5-6, 9, 12.

**II.     Standards**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted

3

by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases). That holds true even if a viable claim might be discerned within the morass of the allegations. *See McHenry*, 84 F.3d at 1179 (affirming dismissal on Rule 8 grounds despite lower court identification of a few claims that were not subject to dismiss under Rule 12(b)(6) and explaining that "the propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit").

A claim is subject to dismissal at the pleading stage on the ground that the statute of limitations has expired "when the running of the statute is apparent on the face of the complaint" and "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). In making an assessment of timeliness at the pleading stage, courts may rely on information subject to judicial notice. *See Robinson v. Binello*, 771 F. Supp. 3d 1114, 1124 (N.D. Cal. 2025); *see also, e.g.*, *Conklin v. Espinda*, 2025 WL 294987, at *3 (D. Haw. Jan. 24, 2025) (screening order); *Benyami v. Steed*, 2017 WL 2676540, at *4 (C.D. Cal. June 21, 2017) (screening order).

### III.  Analysis

The amended complaint alleges Defendants violated Plaintiff's constitutional rights under the First Amendment, Fourth Amendment, and Fourteenth Amendment, *see, e.g.*, Docket No. 8 at 4, which the Court construes as claims brought pursuant to 42 U.S.C. § 1983, *see, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). The amended complaint also lists four other federal statutes on which Plaintiff's claims are apparently predicated. *See,*

*e.g.*, Docket No. 8 at 4 (citing 18 U.S.C. § 1030 and 18 U.S.C. §§ 2510, 2511, 2523). The Court screens these federal claims below.[4]

        A.      <u>Failure to Verify Ages of A.J. and K.H.—All Claims, All Defendants</u>

Plaintiff alleges that each of the four private defendants violated his constitutional and statutory rights by not verifying the ages of A.J. and K.H. These claims fail for at least two reasons: (1) Plaintiff fails to allege facts to state a cause of action and (2) Plaintiff's claims are time-barred.

        1.      Failure to Plead Facts to State a Claim Under § 1983

The Court begins with the constitutional claims brought pursuant to Section 1983. To properly plead such a cause of action, the plaintiff must allege that the defendant was acting "under color of state law." *E.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988). A private party generally does not act under color of state law and will be deemed to be a state actor in only rare circumstances. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Different considerations may be addressed, which focus at bottom on whether private conduct can be fairly attributable to the state. *Id.* at 836. Stated differently, the alleged wrongdoer must be "clothed with the authority of state law." *West*, 487 U.S. at 49. "When addressing whether a private party acted under color of law, [courts] start with the presumption that private conduct does not constitute governmental action." *Sutton*, 192 F.3d at 835.

Plaintiff has not shown that Defendants acted under color of state law in not verifying the ages of A.J. and K.H. As a threshold matter, the amended complaint makes clear that each of these defendants is a private entity. Bosses and Strippers is a local strip club. Docket No. 8 at 4.

---

[4] The amended complaint checks a box that diversity jurisdiction exists. Docket No. 8 at 1. Invoking diversity jurisdiction requires a showing that the state citizenships of all defendants are different than the state citizenship of the plaintiff, along with a showing that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A party invoking federal jurisdiction bears the burden of pleading and establishing the requirements for that jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). The amended complaint fails to allege the requirements for diversity jurisdiction. As an example, the amended complaint does not allege the state citizenship of the parties, though the amended complaint does allege notably that Plaintiff and Defendant Bosses and Strippers are located in Nevada. *See* Docket No. 8 at 1, 4. If the complaint was meant to include state law claims, the undersigned declines to address them herein because no federal cause of action has been stated and it is not clear that the Court would exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

5

Facebook is a social media company with a dating website. *Id.* Tagged.com is also a dating website. *Id.* at 7. Cash App is an online banking application. *Id.* at 10. Hence, these entities are private actors that are presumptively not engaged in governmental action. Moreover, the amended complaint fails to allege any nexus between the alleged failure to verify ages and any kind of governmental activity. The amended complaint simply alleges that these private actors should have verified the ages of A.J. and K.H., but failed to do so. The amended complaint fails to allege that these private parties' alleged lack of age-verification was in any way connected to government action.[5]

Accordingly, the complaint fails to state a claim under § 1983 with respect to the alleged lack of age verification by these private entities.

### 2. Failure to Plead Facts to State a Claim Under other Federal Statutes

Plaintiff's statutory claims do not fare any better. Section 1030 prohibits improperly accessing a computer, damaging a computer, trafficking in passwords that can be used to access a computer, or extorting persons in a related manner. 18 U.S.C. § 1030(a)(1)-(7). Section 2520 permits civil actions for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" in violation of the statute. 18 U.S.C. § 2520(a).[6] The allegations that Defendants failed to verify the ages of A.J. and K.H. bear no resemblance to the conduct prohibited by these statutes. Accordingly, the complaint fails to state a claim under these other federal statutes with respect to the alleged lack of age verification.

### 3. Statute of Limitations

In addition to the above, Plaintiff's allegations that Defendants failed to verify the ages of A.J. and K.H. also fail to state a claim in light of the statutes of limitations. All of Plaintiff's claims identified in the complaint are subject to a two-year statute of limitations. *See* 18 U.S.C. § 1030(g);

---

[5] The complaint alleges that Tagged.com participated in a criminal enterprise with law enforcement because the latter could use Tagged.com's website to create crimes. *See* Docket No. at 7-8. Such conclusory statements are insufficient to transform a private entity into a state actor. *See, e.g.*, *Price v. State of Haw.*, 939 F.2d 702, 707-08 (9th Cir. 1991).

[6] The amended complaint cites statutory provisions (18 U.S.C. §§ 2510, 2511, and 2523) that do not themselves create a private right of action. *See Posey v. Perez*, 2025 WL 764030, at *7-8 (D. Nev. Mar. 10, 2025). The private right of action is encompassed in 18 U.S.C. § 2520.

6

18 U.S.C. § 2520(e); *see also* N.R.S. 11.190(4)(e).[7] Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). State law, to the extent it is not inconsistent with federal law, governs tolling. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Plaintiff was arrested and charged with the sex crimes identified above involving A.J. and K.H. *See State v. Posey*, Case No. C-21-355585-1; *State v. Posey*, Case No. C-21-356678-1. Plaintiff reached a plea deal with prosecutors by which the criminal charges involving A.J. were dismissed on August 9, 2021, *see, e.g.*, Docket No. 18 at 10, and Plaintiff pled guilty and was sentenced with respect to the criminal charges involving K.H. on September 20, 2021, *see, e.g.*, Case No. 2:24-cv-01123-CDS-BNW, Docket No. 10 at 1. Hence, the underlying theory that Plaintiff did not know the true ages of A.J. and K.H., and that Defendants failed to verify the ages of A.J. and K.H., has been known to Plaintiff since at least that time. *Cf. Posey*, 2024 WL 2237902, at *2 (in addressing similar argument, affirming finding that the terms of service and Washington law were not "new evidence"). Plaintiff did not initiate this lawsuit until May 13, 2024, *see* Docket No. 1, which is more than two years later.[8]

Accordingly, Plaintiff's claims arising out of alleged failure to verify the ages of A.J. and K.H. are barred by the statutes of limitations.

---

[7] The applicable statute of limitations for a cause of action under § 1983 is the statute of limitations established by the forum state for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nevada, that is two years. *See* N.R.S. 11.190(4)(e).

[8] A plaintiff is barred from bringing claims that necessarily imply the invalidity of a conviction or sentence, unless the underlying conviction has been overturned or otherwise invalidated. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). When the *Heck* bar applies to claims, the statute of limitations does not begin to run until a criminal conviction has been overturned or otherwise invalidated. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895-96 (9th Cir. 2014). It does not appear that the *Heck* bar applies to these particular claims concerning the alleged failure of Defendants to verify the ages of A.J. and K.H. The *Heck* bar is inapplicable as a general matter to the charges involving A.J. because they were dismissed. *See Posey*, 2024 WL 4948831, at *2. As to the criminal charges involving K.H., the Nevada Court of Appeal evaluated Plaintiff's contentions as to service providers' failure to verify her age and Plaintiff's alleged lack of knowledge as to her age, concluding that such contentions (even if true) would not show that he was innocent of the crimes to which he pled guilty. *Posey*, 2024 WL 2237902, at *1. Hence, it does not appear that Plaintiff prevailing on these allegations would necessarily imply that his conviction involving K.H. is invalid given the state court decision already finding otherwise.

### B. Compliance with Search Warrant—Facebook, Claim I

Plaintiff alleges that Facebook violated his rights by providing Plaintiff's records to law enforcement in response to a search warrant. Docket No. 8 at 5-6. Plaintiff also alleges in conclusory terms that the search warrant issued without probable cause. *See id.* at 5.[9]

These allegations fail to state a claim. The Court begins with the constitutional claims brought pursuant to Section 1983. Once again, the complaint does not allege that Facebook was engaged in state action. The complaint alleges that Facebook complied with a search warrant for Plaintiff's information, Docket No. 8 at 5-6, and "mere compliance with a search warrant fails to establish that [private parties] were state actors under § 1983," *Pickens v. Morgan*, 2023 WL 2672808, at *2 (W.D.N.C. Mar. 28, 2023) (screening order dismissing §1983 claims against private parties for providing information to law enforcement pursuant to a search warrant), *aff'd*, 2023 WL 5666319 (4th Cir. Sept. 1, 2023); *see also, e.g.*, *Joshua v. Mobi PCS*, 2016 WL 777922, at *8-9 (D. Haw. Feb. 25, 2016) (holding that wireless telephone company was not a "state actor" solely on the account that it had "merely complied with subpoenas issued to it by a governmental entity"). The complaint fails to state a Section 1983 claim against Facebook with respect to its compliance with a search warrant.

With respect to the other statutory provisions identified, the complaint fails to comply with Rule 8. The complaint lists these statutory provisions, *see* Docket No. 8 at 4, and then asserts that Plaintiff's information was used without his consent in violation of 18 U.S.C. § 2510 "[b]ecause Posey was not Arrested on December 26, 2020." Docket No. 8 at 6. Section 2510 is a definitional provision that does not create a cause of action. The complaint fails to connect the dots as to how the circumstances alleged of a private company's compliance with a search warrant establishes a violation of any of these statutory provisions.[10] As explained above, Rule 8 requires "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

---

[9] The search warrant was issued with respect to Plaintiff's sex acts with A.J. *See* Docket No. 8 at 5-6. Because those charges were dismissed, the *Heck* bar would not apply to these particular allegations. *See Posey*, 2024 WL 4948831, at *2.

[10] The lack of sufficiently detailed allegations is all the more problematic given that good faith reliance on a court-issued warrant is a "complete defense." 18 U.S.C. § 2520(d).

8

Accordingly, the complaint fails to state a claim with respect to Plaintiff's allegations that Facebook complied with a search warrant.[11]

### C. Warrantless Release of Information; Tagged.com and Cash App, Claims II and III

Plaintiff alleges that Tagged.com violated his rights by releasing his account information to law enforcement without a warrant. Docket No. 8 at 9. Plaintiff also alleges that Cash App violated his rights by releasing his account information to law enforcement without a warrant. *Id.* at 12.

These allegations fail to state a claim. The Court begins with the constitutional claims brought pursuant to Section 1983. Once again, the complaint does not allege that Tagged.com or Cash App was engaged in state action. The complaint includes bald allegations that these private entities provided information to law enforcement without a warrant. No details are alleged, including details from which to glean any basis to find these private companies were engaged in governmental action. Nor is it obvious or apparent that such a nexus would exist based on the allegations that have been provided. Of course, private entities have a statutory duty to report certain child sex crimes to the government even without any legal compulsion. *See, e.g.*, *Doe 1 v. Twitter*, 148 F.4th 635, 647 (9th Cir. 2025) (discussing 18 U.S.C. § 2258A). A private company complying with a statutory mandate would not appear to be conducting itself as a state actor. Even where more direct government compulsion is involved, a private party would also not appear to be acting as a state actor in complying with a governmental demand for information made without a warrant. *See, e.g.*, *Harvey v. Plains Township Police Dept.*, 421 F.3d 185, 195-96 (3d Cir. 2005) (finding "no possible factual scenario" for deeming a landlord to have been engaged in state action by opening an apartment door at the direction of law enforcement in furtherance of a warrantless search). Hence, a bald allegation that Tagged.com and Cash App provided information to law enforcement does not establish that they were state actors in doing so.

---

[11] In addition to the above, there appears to be a statute of limitations problem with respect to this claim. *See, e.g.*, *Posey*, 2025 WL 764030, at *5-6 (report and recommendation that Fourth Amendment claim related to Instagram warrant be dismissed as untimely). In light of the findings herein, the Court need not address that issue at this juncture.

9

With respect to the other statutory provisions identified, the complaint fails to comply with Rule 8. The complaint lists these statutory provisions, *see* Docket No. 8 at 7, 10, and then asserts that Plaintiff's information was used without his consent in violation of 18 U.S.C. § 2510 by releasing information to law enforcement without a search warrant, *see* Docket No. 8 at 9, 12. Section 2510 is a definitional provision that does not create a cause of action. The complaint fails to connect the dots as to how the alleged provision of information to law enforcement establishes a violation of any of these statutory provisions. As explained above, Rule 8 requires "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Accordingly, the complaint fails to state a claim with respect to Plaintiff's allegations that Tagged.com and Cash App provided information to law enforcement.[12]

D.   Leave to Amend

Having determined that Plaintiff's complaint cannot survive screening, the Court turns to whether leave to amend should be provided. An opportunity to amend is afforded unless it is clear from the face of the complaint that the deficiencies could not be cured. *See Cato*, 70 F.3d at 1106. Although it seems unlikely that the deficiencies identified above can be cured, the Court will err on the side of caution by allowing amendment.

If Plaintiff chooses to amend his complaint, <u>he is cautioned that he must comply with the requirements in Rule 8</u>. On the one hand, the allegations must be presented in a short and plain statement. On the other hand, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry*, 84 F.3d at 1178.

**IV.   Conclusion**

For the reasons discussed above, Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 7, 2025**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the second amended complaint complete. This is because, as a general

---

[12] There again appears to be a potential statute of limitations problem with respect to these claims. In light of the findings herein, the Court need not address that issue at this juncture.

10

rule, an amended complaint supersedes earlier pleadings. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. **Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: October 8, 2025

_____
Nancy J. Koppe
United States Magistrate Judge