# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey, | Case No. 2:24-cv-00887-GMN-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 31] |
| Facebook.com, et al., | |
| Defendant(s). | |

On January 23, 2026, the Court denied Plaintiff's motion to reopen the expired deadline to file a second amended complaint and to withdraw the pending report and recommendation. Docket No. 28. Pending before the Court is Plaintiff's motion to show good cause to reopen deadline, Docket No. 31, which the Court construes as a motion for reconsideration.[1]

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

Sufficient justification for reconsideration has not been shown. Plaintiff's motion rehashes the circumstances of being released from prison, rearrested, reincarcerated, and transferred from jail to prison, as well as related difficulties in litigating. *See* Docket No. 31. The Court already considered similar assertions, finding them insufficient to grant the relief sought. *See* Docket No. 28. New evidence has not been presented showing that the earlier ruling was erroneous. To the

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

contrary, the further passage of time bolsters the earlier ruling that the relief sought is not warranted. To repeat, Plaintiff acknowledged that he was aware many months ago of the screening order and its deadline to file the second amended complaint by November 7, 2025. Docket No. 26 at 3.[2] At this juncture, Plaintiff has had <u>five months</u> to submit a proposed second amended complaint or even explain how there might be a viable path forward to state a claim,[3] but he still has not done so.

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration. Docket No. 31.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff represented that he had intended to comply with the deadline set for November 7, 2025, and that he tried to seek relief on November 6, 2025. *See* Docket No. 2-3. Putting aside some of the issues with the representations, Plaintiff's representations evidence his months-long knowledge of the need to formulate and file a second amended complaint.

[3] Plaintiff has created a web of state and federal litigation on issues related to his prior arrests and prosecution. This case centers on Plaintiff's allegations that non-governmental parties are to blame for Plaintiff paying minors for sex because the non-governmental parties should have verified the minors' ages. *See* Docket No. 21 at 1-3. The Court explained in the screening order that it was unlikely that Plaintiff could state a federal claim, but the Court afforded leave to amend to err on the side of caution. *See id.* at 10. Despite the passage now of five months, the Court has been given no reason to believe that there is any means by which Plaintiff can state a federal cause of action against these non-governmental defendants.